IN RE: HIGHER ONE ONEACCOUNT
MARKETING AND SALES
PRACTICES LITIGATION.

MDL No. 2407.

United States Judicial Panel on
Multidistrict Litigation.

Dec. 11, 2012.

Before JOHN G. HEYBURN II,
Chairman, KATHRYN H. VRATIL, W.
ROYAL FURGESON, JR., PAUL J.
BARBADORO, MARJORIE O.
RENDELL, CHARLES R. BREYER,
and LEWIS A. KAPLAN, Judges of the
Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28
U.S.C. § 1407, common defendants Higher
One Holdings, Inc. (Higher One) and The
Bancorp Bank (Bancorp) move to central-
ize this litigation in any of the three dis-
tricts in which the constituent actions are
currently pending—the Middle District of
Alabama, the District of Connecticut, or
the Northern District of Mississippi. The
motion encompasses the three actions list-
ed on Schedule A.[1]

Defendant Wright Express Financial
Services Corporation, which is a defendant
only in the District of Connecticut action,
supports the Section 1407 motion. Plain-
tiffs in all three actions also support the
motion, but argue specifically for centrali-
zation in the District of Connecticut.

Plaintiffs in a potential tag-along action
pending in the Western District of Ken-
tucky support centralization, but argue for
selection of that district as transferee dis-
trict. Plaintiffs in the other potential tag-
along action, which is pending in the
Southern District of Illinois, support cen-
tralization in any district in which a con-
stituent or potential tag-along action is
pending.

On the basis of the papers filed and
hearing session held, we find that these
three actions involve common questions of
fact, and that centralization in the Dis-
trict of Connecticut will serve the conven-
ience of the parties and witnesses and
promote the just and efficient conduct of
the litigation. The subject actions share
numerous factual issues arising from alle-
gations of unfair and deceptive conduct in
the marketing and fee policies of the
Higher One OneAccount bank account—
an account marketed to students at cer-
tain colleges and universities who receive
partial refunds of their grant, scholarship,
or student loan funds.[2] Centralization
will eliminate duplicative discovery, pre-
vent inconsistent pretrial rulings (on class
certification[3] and other matters), and con-
serve the resources of the parties, their
counsel, and the judiciary.

We conclude that the District of Con-
necticut is an appropriate transferee dis-
trict for pretrial proceedings in this litiga-
tion. Higher One is headquartered in that
district, and thus relevant documents and
witnesses are likely to be found there. In

1. The Panel has been notified of two related
   federal actions, one in the Southern District
   of Illinois and the other in the Western Dis-
   trict of Kentucky. Those actions and any
   other related actions are potential tag-along
   actions. *See* Rules 1.1(h), 7.1, and 7.2.

2. Plaintiffs allege, *inter alia,* that Higher One
   improperly steers students to deposit their
   refunds into a OneAccount, and then charges
   excessive ATM and debit card fees that are

neither adequately disclosed nor reasonably
avoidable.

3. The three constituent actions are all puta-
   tive class actions (one nationwide, one Missis-
   sippi-wide, and one Alabama-wide). The
   Western District of Kentucky potential tag-
   along action is a putative Kentucky-wide class
   action, and Southern District of Illinois po-
   tential tag-along action is a putative nation-
   wide class action.

addition, Bancorp is headquartered in Delaware, which is relatively closer to the District of Connecticut than to either the Middle District of Alabama or the Northern District of Mississippi. Judge Vanessa L. Bryant, to whom we assign this docket, is already overseeing the constituent action pending in the District of Connecticut, and has the experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Connecticut are transferred to the District of Connecticut, and, with the consent of that court, assigned to the Honorable Vanessa L. Bryant for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

MDL No. 2407 — IN RE: HIGHER ONE ONEACCOUNT MARKETING AND SALES PRACTICES LITIGATION

*Middle District of Alabama*

*John Brandon Kent, et al. v. Higher One Holdings, Inc.*, et al., C.A. No. 2:12–00712

*District of Connecticut*

*Jeanette Price, et al. v. Higher One Holdings, Inc.*, et al., C.A. No. 3:12–01093

*Northern District of Mississippi*

*Ashley B. Parker, et al. v. Higher One Holdings, Inc.*, et al., C.A. No. 1:12–00154